ROBERT S. BREWER, JR.
United States Attorney
SABRINA L. FEVE
Assistant United States Attorney
California Bar No. 226590
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6786
Email: Sabrina.Feve@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. _____ |
|---|---|
| Plaintiff, | |
| v. | **JOINT MOTION FOR AUTHORIZATION TO DISCLOSE DISCOVERY MATERIALS AND PROPOSED PROTECTIVE ORDER** |
| MATTHEW ISAAC WOLFE (2), RUBEN ANDRE GARCIA (3), VALORIE MOSER (4), | |
| Defendants. | |

The plaintiff, United States of America, through its counsel, Robert S. Brewer, Jr., United States Attorney, and Joseph Green and Sabrina L. Fève, Assistant United States Attorneys, and the above identified defendants, through their respective counsel, hereby jointly move pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and 18 U.S.C. § 3771(a), for this Court to enter a protective order in order to: (1) prevent premature and unwarranted disclosure of evidence to other defendants, as well as other targets, subjects, and unrelated third parties, (2) protect sensitive personally identifiable information and privacy interests of victims, and other third parties, and (3) protect defendants, informants, agents, and their respective family members from reprisal. This motion is based upon the files and records of this case and the following representations:

1. The Complaint in this case charges defendants MICHAEL JAMES PRATT, MATTHEW WOLFE, and RUBEN ANDRE GARCIA with three counts of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a) and (b)(1), and charges these three defendants and VALORIE MOSER with one count of conspiracy to commit sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c), as well as criminal forfeiture provisions. The complaint alleges that at least five women were victims of the conspiracy. The Government's investigation remains ongoing with respect to additional crimes and additional defendants.

2. The discovery to be provided by the Government includes sensitive information, whose unrestricted dissemination could adversely affect law enforcement interests in pending investigations and the privacy interests of third parties. The discovery to be provided by the Government includes names, person identifiable information ("PII," which can include Social Security numbers and dates of birth), means of identification, contact information, financial records, and other private information about numerous victims and coconspirators of the conspiracy alleged in the Complaint. Unauthorized, or even inadvertent, dissemination of the information could expose the victims to further criminal activity, and could significantly harm their dignity and privacy interests. 18 U.S.C. §§ 3771(a)(1), and (8). The PII, means of identification, and contact information itself could be used, sold, or traded to cause further economic harm to the victims and other third parties.

3. Redaction of all sensitive information would be impracticable because of the volume and complexity of the discovery, and because of the relevance of common victim identities in different sets of documents, such as victim interview reports, and financial records. The Government seeks to produce this sensitive information to defense counsel without significant redactions, but with the protections set forth in the proposed protective order.

4. Recognizing the sensitivity of the discovery and the privacy interests of the victims and other third parties, the parties hereby move that the defendant, defense

counsel, paralegals, investigators, law clerks, secretaries, experts, assistants, interpreters, office personnel, and employees shall not disclose the substance of any discovery material received from the Government, including all reports, financial records, and other documents, to any third party, unless such material is already a matter of public record, without prior approval of this Court. Defense counsel and his or her paralegals, law clerks, secretaries, experts, investigators, assistants, interpreters, office personnel and employees, agree to review discovery with the defendant, and shall not provide a copy of any discovery to defendant, or leave a copy of the discovery with defendant.

5. The parties further move and agree that the discovery produced by the United States Attorney, Assistant United States Attorneys, paralegals, law clerks, and legal assistants assigned to this case (hereafter collectively referred to as "the Government") may not be copied, reproduced, or further disseminated in any way or by any other person or entity who is not a part of the defense team including defense counsel, paralegals, law clerks, secretaries, experts, investigators, assistants, interpreters, office personnel, and employees of defense counsel.

6. The parties further move and agree that nothing contained herein shall prevent the Government, or any defendant or their counsel, from disclosing such discovery material to any other attorneys working for the Government, the defendants or their counsel agents (federal, state or local), paralegals, law clerks, secretaries, experts, investigators, assistants, office personnel, employees, and any other person who is working for the Government or the defendants and their counsel (collectively referred to as "assistants") in the investigation or preparation of this case or, with respect to the Government and its assistants only, in other criminal investigations, without prior court order. Further, nothing contained herein shall preclude the Government, defendants or their counsel, or their respective assistants from conducting an investigation of the facts of this case on behalf of the Government or said defendants, or with respect to the Government and its assistants only, from conducting an

investigation of other criminal activity, including interviewing witnesses disclosed by said discovery materials, or from taking statements from witnesses disclosed by said discovery materials, or from asking said witnesses if they themselves have made prior statements to the Government that are disclosed in the discovery materials, and about the contents of such statements. In connection with any such investigation, it shall not be necessary that the Government, the defendants or their counsel, or their respective assistants, obtain prior permission of this Court.

7. The parties jointly move and agree that, should counsel withdraw or be disqualified from participation in this case, any material received and any copies derived therefrom, shall be returned to the Government within 10 days.

8. Finally, the parties jointly move and agree that each counsel shall be required to communicate the substance of this order and explain it to their clients and assistants before disclosing the substance of the discovery to their clients or assistants.

DATED: October 16, 2019

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

Dated: 10/16/2019

/s/ Sabrina L. Feve, Joseph S. Green
SABRINA L. FEVE/ JOSEPH GREEN
Assistant U.S. Attorneys

Dated: 10/16/2019

/s/ Keith H. Rutman
Keith H. Rutman
Attorney for Matthew Isaac Wolfe

Dated: 10/16/2019

/s/ Gretchen C. VonHelms
Gretchen C. VonHelms
Attorney for Ruben Andre Garcia

Dated: 10/16/2019

/s/ Anthony E. Colombo, Jr.
Anthony E. Colombo, Jr.
Attorney for Valorie Moser

4