ROBERT S. BREWER, JR.
United States Attorney
JOSEPH S. GREEN
Assistant U.S. Attorney
California State Bar No. 251169
ALEXANDRA F. FOSTER
Assistant United States Attorney
Washington, D.C. Bar No. 470096
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-6955/6735
Email: joseph.green@usdoj.gov/alexandra.foster@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR4488-JLS |
|---|---|
| Plaintiff, | |
| v. | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO RESCIND DETENTION ORDER AND SET BAIL |
| MATTHEW ISAAC WOFLE (2) | |
| Defendant. | |

The United States of America, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Joseph S. Green and Alexandra F. Foster, Assistant United States Attorneys, hereby responds to Defendant's Motion to Rescind Detention Order and Set Bail.

Defendant is charged with two counts of Sex Trafficking by Force, Fraud or Coercion, and Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion, in violation of 18 U.S.C. §§ 1591, 1594. There is a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3)(D).

1

On October 15, 2019, the Court ordered Defendant detained based on its findings that: (1) no condition or combination of conditions would reasonably assure Defendant's appearance and the safety of the community; and (2) there was a serious risk that Defendant would attempt to obstruct justice and intimidate prospective witnesses if released.

Defendant was Michael Pratt's right-hand man in a multi-million dollar criminal enterprise that used fraud, force and coercion to induce women to make pornographic videos for their websites. Defendant recruited victims, shot more than one hundred girlsdoporn (GDP) videos, managed the books, and maintained the GDP website. The scheme exacted a devastating toll on the victims. Defendant and his accomplices ignored the constant stream of pleas from victims to take down their videos, and instead just moved onto the next one. When some victims took legal action, Defendant participated in harassing them.

Defendant has no reason to remain in the United States. He is a citizen of New Zealand with no right to live or work in the United States. He could live anywhere. He owes millions of dollars to a subset of his victims. For the reasons previously stated, and in consideration of the new evidence below, the United States urges the Court to deny the motion.

### **Additional Evidence Supporting Detention**

The GDP office where Defendant worked was searched the day after his arrest. Agents located a chart listing countries that do not extradite individuals to the United States. The chart indicated whether each country had on-line banking and whether citizens of New Zealand, like Defendant, could obtain a visa. *See* Exhibit A (filed under seal).

2

Travel records show that Defendant's fiancé, her child, and their child-in-common spent more than a month in living Defendant's home country, New Zealand, in December, 2019 and January, 2020. If Defendant fled there, it could take years to extradite him back to the U.S.[1]

According to Defendant, his fiancé's family is sufficiently wealthy to set up trust funds for his children. On October 16, 2019, a week after Defendant's arrest, $250,000 was deposited into one of the children's accounts. These funds could easily be converted to support the family's relocation to New Zealand or a country on the chart.

From 2014 to 2018, GDP entities transferred almost $88,000 to Hayst Holdings, Defendant's New Zealand company. In the civil trial, Defendant testified that he wired funds to entities in Vanuatu using Hayst Holdings, but claimed not to know anything about the entities in Vanuatu. Judge Enright found that Defendant and Pratt transferred assets to Vanuatu to hinder, delay or defraud the victims.

After Pratt absconded in June 2019, Defendant wired Pratt more than $5,000 over a few weeks.[2] Defendant has maintained a Bitcoin wallet and bought and sold cryptocurrency for years. Such knowledge could be used to facilitate flight and ensure anonymity once settled in another country. Defendant could still have money hidden in cryptocurrency.

On January 2, 2020, California Superior Court Judge Kevin A. Enright rendered a Proposed Statement of Decision in the related civil suit.[3] Judge Enright ordered Defendant, and his entities, to pay

---

[1] For example, the United States has been seeking the extradition of Kim Dotcom from New Zealand since 2012.
[2] Pratt remains a fugitive despite efforts to secure his arrest.
[3] According to information provided by counsel for the victims, the order is not final, because Domi Publications filed for bankruptcy before the objection period expired.

3

approximately $13 million in compensatory and punitive damages to the victims.

In reaching his decision, Judge Enright found the following: the testimony of all 21 victims was credible; the defendants used deceptive practices to recruit victims and acted with malice; more often than not, Andre Garcia offered the victims alcohol and/or marijuana before the shoot; and the defendants used coercive tactics if necessary to complete the video shoot ("[O]nce in the hotel room, Plaintiffs lacked had [sic] any feasible means of egress until Defendants declared that the shoot was completed and released them.")  During these shoots, Defendant was often the videographer, and the only other person in the room.

During the search of GDP's office, agents found evidence of efforts to harass and intimidate the victims and their attorneys:

a.   A video script entitled, "22 Whores + 5 Shady Lawyers VS GirlsDoPorn," with the subheading, "Share and spread this video as far and wide as possible."[4]  See Exhibit B (filed under seal).

b.   A second video script targeting a particular plaintiff in the civil suit with specific instructions that Defendant should be consulted during its production.[5]  See Exhibit C (filed under seal).

---

[4] The script listed the names of the plaintiffs in the civil suit, along with information intended to embarrass, harass and intimidate them . "Put each girls [sic] full name and location on screen before rolling there [sic] shit . . . ." "Final Screen big text These retarded lawyers and disquisting [sic] whores wasted 3 years of everyones [sic] time  Ask yourself how viral these videos will go now if nobody is controlling them . . . . Good Job :)."

[5] The document stated, "some of these things u might not know wtf ask wolfy [Defendant] he should."

4

c. A phone list with the victims' names and Jane Doe numbers that memorialized attempts to get information from them over the telephone by posing as a journalist.[6] *See* Exhibit D (filed under seal).

On October 29, 2019, a witness testified in the civil case that she had been hired by a GDP employee to harass the victims' counsel with phone calls every day for $300 per week.

Finally, according to Defendant's medical record, he suffers from mild sleep apnea. The CDC does not identify mild sleep apnea as a risk factor for COVID-19. The United States recognizes that even with the efforts of BOP and other facilities, there is still a risk of COVID-19 transmission in custodial settings. Nevertheless, this generalized risk cannot be permitted to overwhelm the balance of factors prescribed by Congress in determining whether a particular defendant is properly subject to pretrial detention. Moreover, during a time when community and law-enforcement resources are devoted to fighting COVID-19, it may be easier for a motivated defendant to abscond.[7]

The United States respectfully opposes the motion.

Respectfully submitted,

ROBERT S. BREWER, JR.
United States Attorney

/s/ Joseph S. Green
JOSEPH S. GREEN
Assistant U.S. Attorney
Attorneys for United States of America

---

[6] The following was handwritten on the back, "Hi My name is [******], I'm a journalist from LA, I'm calling in regards to the girlsdoporn case. I've heard your [sic] related to the case & curious to get a comment if you have the spare time."

[7] *See United States v. Barai*, No. 2:16-cr-00217-MCE, 2020 WL 1812161, at *2 (E.D. Cal. Apr. 9, 2020).