1  RANDY S. GROSSMAN
   United States Attorney
2  JOSEPH S. GREEN
   Assistant United States Attorney
3  California Bar No. 251169
   ALEXANDRA F. FOSTER
4  Assistant United States Attorney
   Washington, D.C. Bar No. 470096
5  Federal Office Building
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 546-6955/6735
7  Email: joseph.green@usdoj.gov/alexandra.foster@usdoj.gov

8  Attorneys for United States of America

**FILED**

JUL 2 6 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

9

10                    **UNITED STATES DISTRICT COURT**

11                   **SOUTHERN DISTRICT OF CALIFORNIA**

12  UNITED STATES OF AMERICA,          Case No. 19CR4488-JLS

13           Plaintiff,

14       v.                            PLEA AGREEMENT

15  MATTHEW ISAAC WOLFE (2),
         aka "Ben,"

16           Defendant.

17      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

18  AMERICA, through its counsel, RANDY S. GROSSMAN, United States Attorney,

19  and Joseph S. Green and Alexandra F. Foster, Assistant United States

20  Attorneys, and Defendant MATTHEW ISAAC WOLFE, with the advice and

21  consent of Lupe Rodriguez, counsel for Defendant, as follows:

22                               I

23                           **THE PLEA**

24      Defendant agrees to plead guilty to Count 1 of the Superseding

25  Indictment charging Defendant with:

26

27

28

Plea Agreement                                Def. Initials _MW_

COUNT 1
Conspiracy to Commit
Sex Trafficking by Force, Fraud and Coercion

Beginning on an unknown date, but no later than approximately 2012, and continuing through October 9, 2019, within the Southern District of California and elsewhere, defendants MICHAEL JAMES PRATT, aka "Mark," MATTHEW ISAAC WOLFE, aka "Ben," Ruben Andre Garcia, aka "Jonathan" (charged elsewhere), Theodore Wilfred Gyi, aka "Teddy" (charged elsewhere), and Valorie Moser (charged elsewhere), conspired and agreed with each other and others to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, and solicit by any means a person — to wit, Victims 1-15 — knowing and in reckless disregard of the fact that means of force, threats of force, fraud, coercion, and any combination of such means, would be used to cause these persons to engage in a commercial sex act, and to benefit financially and receive anything of value from participation in a venture engaged in such acts, in violation of Title 18, United States Code, Section 1591(a)(1) and (a)(2).

All in violation of Title 18, United States Code, Section 1594(c).

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

Def. Initials _MW_

**Count 1 - Conspiracy to Commit Sex Trafficking by**

**Force, Fraud and Coercion**

1. The defendant agreed with one or more persons to knowingly recruit, entice, harbor, transport, provide, obtain, maintain, patronize or solicit a person to engage in a commercial sex act by force, threat of force, fraud or coercion.

2. The conspiracy was in or affecting interstate or foreign commerce.

B.   ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

   1.   Beginning in no later than 2012 and continuing up to October 2019, Defendant participated in a conspiracy with Michael James Pratt, Ruben Andre Garcia, Theodore Wilfred Gyi, Valerie Moser, and others, to recruit Victims 1-15, as identified in the Superseding Indictment, and others, to engage in a commercial sex acts using force, fraud and coercion.

   2.   Michael Pratt was the owner and operator of the pornography website girlsdoporn.com. Girlsdoporn.com featured sex videos of young adult women appearing in their first pornographic video. Defendant was Pratt's friend and business partner. In addition to filming girlsdoporn videos and running the day-to-day operations of the business, Defendant operated the website

3

Def. Initials M W

girlsdotoys.com, which featured many of the same women appearing in pornographic videos with sex toys. The two websites, girlsdoporn.com and girlsdotoys.com, were run by Pratt and Defendant as a single business venture (hereinafter "GDP"). Both websites were supported by the same employees operating out of a shared office in San Diego.

3.   GDP charged visitors a subscription fee to access the websites' content. The websites generated millions of dollars in revenue. Throughout the conspiracy, GDP received millions of views. To promote the websites, video content from both sites was posted on free porn sites such as PornHub.com, one of the world's most visited porn sites. The videos from GDP posted on PornHub.com were often viewed millions of times according to PornHub's view counters.

4.   Defendant moved to the United States in 2011 to work for Pratt at GDP, and he worked there full-time until October 2019. Defendant had a wide range of responsibilities at GDP. Defendant was the cameraman for approximately one hundred GDP videos; Defendant uploaded finished videos onto GDP; Defendant oversaw GDP's financial books and bank accounts; and Defendant operated various business entities that were used to support GDP. Defendant also helped market GDP's websites.

5.   To persuade women to appear in the pornographic videos for GDP, Defendant and others in the conspiracy told the

Def. Initials

1    women that the videos would never be posted on-line,
2    that the videos would never be released in the United
3    States, and that no one who knew the women would ever
4    find out about the video. Defendant and other members of
5    the conspiracy knew these representations were false,
6    because the videos produced by GDP were exclusively
7    marketed and distributed on the internet.

8    6.   Defendant was aware that GDP employed young women to
9    serve as references for GDP, and that the references
10   provided prospective models with additional false
11   assurances that the videos would not be posted on-line.
12   GDP used young women as references, because the
13   Defendant and his co-conspirators believed that hearing
14   these assurances from other young women would increase
15   the likelihood that the models would make these videos.

16   7.   Most of the sex videos created as a part of the GDP
17   conspiracy were shot at hotels or short-term rental
18   units in and around San Diego County. Defendant and
19   others had the women sign contracts, but often did not
20   give the women the opportunity to read the contracts,
21   nor did they provide copies of the contracts to the
22   women.

23   8.   The women were misled about how long the video shoots
24   lasted. Many were told the video production would take
25   around 30 minutes, when they typically lasted for
26   several hours. The Defendant agrees that multiple women
27   would testify that the video shoots were rough and caused

28

5

Def. Initials ____

1       them great pain, and that the women asked to stop
2       filming, but Defendant and/or his co-conspirators
3       refused to stop. Sometimes, if the women asked to stop
4       taping, the Defendant and others in the room told the
5       women that if they stopped or quit filming, the women
6       could be sued for breach of contract, that their flights
7       home would be cancelled, or that the company would post
8       the victim's video on-line.

9    9.   In approximately 2015, GDP hired co-defendant Theodore
10      Wilfred Gyi as a cameraman. Defendant instructed Gyi on
11      how to run the video shoots and told Gyi that, if asked,
12      Gyi should tell the women that the videos would not be
13      posted on the internet, even though the Defendant knew
14      that this promise was untrue.

15  10.   Defendant and other members of the conspiracy took
16      active steps to ensure that the women did not find out
17      that Defendant and the other members of the conspiracy
18      operated GDP. These steps included the use of aliases
19      and the intentional omission of any reference to the
20      websites in company names and documents.

21  11.   Defendant became aware that personal identifying
22      information and social media accounts for some victims
23      were being posted on pornwikileaks.com, a site
24      controlled by PRATT and dedicated to "exposing" the true
25      identities of individuals appearing in sex videos,
26      causing the victims to be subjected to severe
27      harassment. Even after Defendant became aware of this,
28

6

Def. Initials MW

Defendant and others continued to assure prospective models that "no one" would ever find out about their video shoot or learn their identity.

## III

## PENALTIES

The crimes to which Defendant is pleading guilty carries the following penalties:

### Count 1

A.  a maximum term of life in prison;

B.  a maximum $250,000 fine;

C.  a mandatory special assessment of $100 per count;

D.  an additional mandatory special assessment of $5,000 per count pursuant to 18 U.S.C. § 3014;

E.  a term of supervised release of not less than 5 years and up to life. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release;

F.  an order from the Court pursuant to 18 U.S.C. § 3663A that defendant make mandatory restitution to the victims of the offense of conviction, or the estates of the victims. Defendant understands that the Court shall also order, if agreed to by the parties in this plea agreement, restitution to persons other than the victims of the offense of conviction;

7

Def. Initials MW

1      G.    registration as a sex offender under the Sex Offender

2            Registration and Notification Act\*\*; and

3      H.    Defendant has been advised by counsel and understands that,

4            because Defendant is not a citizen of the United States,

5            Defendant's conviction in this case may have adverse

6            immigration consequences, including Defendant's removal or

7            deportation from the United States. Defendant may also be

8            denied United States citizenship and admission to the United

9            States in the future.

10 \*\*Defendant understands, acknowledges and agrees to the following

11 concerning his sex offender registration: "I am required to register

12 and keep my registration current in each of the following jurisdictions:

13 where I reside; where I am an employee; and where I am a student. I

14 understand that the requirements for registration include providing my

15 name, my residence address, and the names and addresses of any places

16 where I am or will be an employee or a student, among other information.

17 I further understand that the requirement to keep the registration

18 current including informing at least one jurisdiction in which I reside,

19 am an employee, or am a student not later than three business days after

20 any change of my name, residence, employment, or student status. I have

21 been advised, and understand, that failure to comply with these

22 obligations subjects me to prosecution for failure to register under

23 federal law, 18 U.S.C. § 2250, which is punishable by fine or

24 imprisonment, or both."

25 //

26 //

27 //

28

Def. Initials _MW_

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

9

Def. Initials MW

VI

**DEFENDANT'S REPRESENTATION THAT GUILTY
PLEA IS KNOWING AND VOLUNTARY**

Defendant represents that:

A.  Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

VII

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF CALIFORNIA**

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//

//

10

Def. Initials _MW_

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

# IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

11

Def. Initials _MW_

1
2                        **X**

3              **PARTIES' SENTENCING RECOMMENDATIONS**

    A.    SENTENCING GUIDELINE CALCULATIONS

4       Although the Guidelines are only advisory and just one factor the
5  Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
6  the parties will jointly recommend the following Base Offense Level,
7  Specific Offense Characteristics, Adjustments, and Departures:

8
9      1.   Base Offense Level [§ 2G1.1]                      14
       2.   Uncharged Conduct [§ 5K2.21]                     +20[1]
       3.   Aggravating Role [§ 3B1.1]                       +2
10     4.   Acceptance of Responsibility [§ 3E1.1]           -3

11  B.    ACCEPTANCE OF RESPONSIBILITY

12      Despite paragraph A above, the Government need not recommend an
13 adjustment for Acceptance of Responsibility if Defendant engages in
14 conduct inconsistent with acceptance of responsibility including, but
15 not limited to, the following:

16     1.   Fails to truthfully admit a complete factual basis as
17          stated in the plea at the time the plea is entered, or
18          falsely denies, or makes a statement inconsistent with,
19          the factual basis set forth in this agreement;

20     2.   Falsely denies prior criminal conduct or convictions;

21     3.   Is  untruthful  with  the  Government,  the  Court  or
22          probation officer; or

23     4.   Breaches this plea agreement in any way.

24
25
─────────────────
26 [1] The parties agree that the Defendant is pleading guilty to the
   conspiracy count under 18 U.S.C. Sec. 1594. Nonetheless, the parties
27 also agree that a level of 34 (14 + 20), consistent with the Base
   Offense Level for 18 U.S.C. Sec. 1591, most accurately reflects the
28 Defendant's conduct and culpability in this matter.

                            12

                                        Def. Initials  MW

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY

The United States will recommend that the Defendant be sentenced to the midrange of the sentencing guidelines, as calculated by the United States. The United States will not recommend a sentence above 150 months in custody.

G.   SPECIAL ASSESSMENTS/FINE/RESTITUTION

1.   Special Assessments

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction. The Government will recommend that the Court impose an additional

13

Def. Initials _MW_

mandatory special assessment of $5,000 per count pursuant to 18 U.S.C. § 3014.

### 2.   Fine

The parties will not recommend imposition of a fine.

### 3.   Restitution

An order of restitution in an amount determined by the Court is mandatory pursuant to 18 U.S.C. § 1593.   The parties agree that the Court should issue an Order consistent with the Restitution Order issued against co-Defendant Ruben Andre Garcia[3].   *See* ECF Dkt. No. 270.

### H.   SUPERVISED RELEASE

If the Court imposes a term of supervised release, Defendant will not seek to reduce or terminate early the term of supervised release until Defendant has served at least 2/3 of the term of supervised release and has fully paid and satisfied any special assessments, fine, criminal forfeiture judgment, and restitution judgment.

# XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are that (1) Defendant may appeal a custodial sentence above 180 months; and (2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received

Def. Initials _MW_

ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

### BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

    1.   Failing to plead guilty pursuant to this agreement;

    2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

    3.   Failing to appear in court;

    4.   Attempting to withdraw the plea;

    5.   Failing to abide by any court order related to this case;

    6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

    7.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

Def. Initials _MW_

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of

16

Def. Initials MW

1  Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and
2  any other federal rule.

3  **XIII**

4  **CONTENTS AND MODIFICATION OF AGREEMENT**

5  This plea agreement embodies the entire agreement between the
6  parties and supersedes any other agreement, written or oral. No
7  modification of this plea agreement shall be effective unless in writing
8  signed by all parties.

9  **XIV**

10  **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

11  By signing this agreement, Defendant certifies that Defendant has
12  read it (or that it has been read to Defendant in Defendant's native
13  language). Defendant has discussed the terms of this agreement with
14  defense counsel and fully understands its meaning and effect.

15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27
28

17

Def. Initials _MW_

1

XV

2

## DEFENDANT SATISFIED WITH COUNSEL

3        Defendant has consulted with counsel and is satisfied with

4 counsel's representation. This is Defendant's independent opinion, and

5 Defendant's counsel did not advise Defendant about what to say in this

6 regard.

                                    RANDY S. GROSSMAN
7                                    United States Attorney

8   7/25/2022

9 DATED                            JOSEPH S. GREEN/ALEXANDRA F. FOSTER
                                    Assistant U.S. Attorneys
10

11  7/22/22

12 DATED                            LUPE RODRIGUEZ
                                    Defense Counsel

13 **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE**
14 **ARE TRUE.**

15  7/22/22

16 DATED                            MATTHEW ISAAC WOLFE
                                    Defendant

17

18

19

20

21

22

23

24

25

26

27

28

                        18
                                    Def. Initials  MW