TARA K. MCGRATH
United States Attorney
JOHN N. PARMLEY
ALEXANDRA F. FOSTER
Assistant United States Attorneys
California State Bar No. 178885
Washington, D.C. Bar No. 470096
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7957/6735
Email: John.Parmley@usdoj.gov
Alexandra.foster@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW ISAAC WOLFE,<br><br>　　　　Defendant. | **Case No.: 19-CR-4488-JLS**<br><br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

   The United States of America, by its counsel, Tara K. McGrath, United States Attorney, and John N. Parmley, Assistant United States Attorney, hereby submits its Sentencing Memorandum.

**I**

**INTRODUCTION**

   Defendant Matthew Wolfe ("Defendant") played an integral role in a wide-ranging sex-trafficking conspiracy during which many women were defrauded into engaging in sex acts on camera for the enrichment of Wolfe and his co-conspirators.  Defendant now faces sentencing by this Court following his conviction for Conspiracy to

Commit Sex Trafficking by Force, Fraud and Coercion, in violation of 18 U.S.C. §1594(c) and 1591(a)(1) and (2). Given the serious nature of the offense, defendant's role, and the length of the conspiracy, the United States recommends a sentence of 150 months in custody.

## II

### OFFENSE CONDUCT

The Presentence Investigation Report ("PSR") accurately summarizes the offense conduct. *See* PSR at ¶¶ 4-20. Defendant Wolfe was one of the leaders of a conspiracy to recruit young women to appear in sex videos for adult websites using force, fraud, and coercion.

From approximately 2012 to 2019, Defendant worked with and was a business partner of his co-defendant Michael Pratt for the websites girlsdoporn.com (GDP) and girlsdotoys.com (GDT). Wolfe ran the day-to-day operations of the websites and was the cameraman for over 100 videos. He knew the nature of the conspiracy, was a leader in it, and reaped significant profits from his unlawful activity.

As a part of the premeditated scheme, Defendant, along with his co-defendants, recruited victims to appear in sex videos for the websites by promising them that these videos would never be posted on-line, that they would never be released in the United States, and that no one who knew the women would ever find out about the videos. Throughout the scheme, Defendant knew these representations were false. Defendant knew the entire videos were being posted on the fee-based websites, GDP and GDT, and excerpts were posted on free pornographic sites like Pornhub.com, one of the

most frequently viewed websites in the world receiving millions of views, to drive paying views to GDP and GDT.

Defendant was aware that GDP employed young women as "reference girls" who would assure prospective victims that their videos would not be posted online.

Defendant and other members of the conspiracy took active steps to ensure that the victims did not find out that Defendant and the other members of the conspiracy operated GDP and GDT. Defendant knew that most of the young women they were recruiting would have never agreed to appear in a video if they knew that videos of their explicit sexual activity would be posted on the internet and marketed to their friends and family.

Most of the sex videos that were created as a part of the conspiracy were shot at hotels or short-term rental units in the San Diego area. If one of the women agreed to act in the pornographic video, Defendant and his co-conspirators promptly booked flights to San Diego within a day or two to limit the chances that the woman would change her mind. Once victims arrived at the hotel or short-term rental unit, Defendant continued to falsely assure the victims that the videos would not be posted on-line and that no one who knew the victims would see, or even know about the video. Victims were told that the contracts that they were presented with simply said what the victims had already been told, including that the videos would not be posted on-line. Nowhere on the contract could the reader find a reference to girlsdoporn or girlsdotoys. The companies were instead identified with innocuous names, such as Bubblegum Casting. Victims were not provided a copy of the contracts that they signed.

As a part of the conspiracy, Defendant and others would at times coerce victims into completing the videos once they were underway. Defendant and other co-conspirators threatened to sue the victims, cancel flights home, and post the videos on-line, if the victims did not complete the sex videos. Hotel room doors were often blocked by camera and recording equipment, and many victims felt powerless and unable to leave.

Eventually, Defendant became aware that personal identifying information and social media accounts for some victims were being posted on pornwikileaks.com, a site controlled by Pratt which was purportedly dedicated to "exposing" the true identities of victims who appeared in the sex videos. Even after Defendant became aware of this, he and his co-conspirators continued to assure prospective models that "no one" would ever find out about their video or learn their identity.

### III

### Defendant's Background

Defendant is a citizen of New Zealand who came to the United States in 2012. He has a limited educational background with vocational training in computers. He has no prior criminal convictions.

### III

### SENTENCING GUIDELINES ANALYSIS

**A.** Parties' Guideline Calculations

Pursuant to the plea agreement, the parties will jointly recommend the following sentencing guidelines:

```
Base Offense Level [§ 2G1.1]                                    14
Uncharged Conduct [§ 5K2.21]                                   +20
```

4

```
Aggravating Role [§ 3B1.1]                                        +2
Acceptance of Responsibility                                      -3

Adjusted Offense Level:                                           33
```

According to the Presentence Investigation Report, Defendant has zero criminal history points and is therefore in Criminal History Category I. At Criminal History Category I, an offense level 33 corresponds to a sentence of 135-168 months in custody.

**B.** *Sentencing Recommendation*

Consistent with the parties' plea agreement, and considering the 3553(a) factors, the government recommends a sentence of 150 months in custody. The nature and circumstances of the offense were aggravated. The defendant was a leader in a scheme to systematically coerce and defraud women into engaging in filmed sexual activity for profit. The conspiracy lasted for years and relied on a never-ending supply of new victims. This was a serious crime warranting a serious sentence.

Respectfully submitted,

TARA K. MCGRATH
United States Attorney

*s/ JOHN N. PARMLEY*
JOHN N. PARMLEY
Assistant U.S. Attorney
Attorneys for Plaintiff
United States of America